BROWN et al. v. GROSSMAN et al.

(Supreme Court, Appellate Term. February 7, 1908.)

1. SALES—ACTION FOR PRICE—PRIMA FACIE CASE.

Where, in an action for the price of goods alleged to have been sold to defendants, plaintiffs offered evidence that the goods were ordered by defendants, and delivered at their request to another concern, occupying a part of the loft occupied by defendants, plaintiffs established a prima facie case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1056–1059.]

2. NEW TRIAL—CONFLICTING EVIDENCE.

Where the facts were sharply contested, and reasonable men might differ as to the result which might have been reached by the jury, the court should not, in the exercise of its discretion, set aside the verdict as against the weight of the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 144–145.]

Appeal from City Court of New York, Trial Term.

Action by Louis Brown and another against Fannie Grossman and another. From an order of the New York City Court, setting aside a verdict in favor of plaintiffs, and from a judgment dismissing the complaint on the merits, plaintiffs appeal. Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Gainsburg & Solomon (I. Gainsburg, of counsel), for appellants.
Harvey C. Price (Morris I. Price, of counsel), for respondents.

PER CURIAM. The action was brought to recover an alleged balance due upon certain merchandise, which plaintiffs claim they had sold to defendants. The answer was a general denial. Plaintiffs' contention on the trial was that the goods were ordered by the defendants, and delivered at defendants' request to another concern, who occupied a part of the loft occupied by defendants. The plaintiffs made out a prima facie case, and the granting of a motion to dismiss the complaint was not justified. The facts were sharply contested upon the trial, and reasonable men might differ as to the result that ought to have been reached by the jury. In such a case the court ought not, in the exercise of its discretion, to set aside the verdict reached as against the weight of evidence. We think that the discretion of the learned trial justice was improperly exercised, and that the order setting aside the verdict should be reversed.

Order and judgment reversed, with costs, and verdict reinstated.